UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
GARY D. GOTLIN, et al.,

    Plaintiffs,

      MEMORANDUM AND ORDER
 -against      04 CV 3736 (ILG
      05 CV 1899 (ILG)

M.D. GILBERT S. LEDERMAN, et al.,

    Defendants.
------------------------------------------------x
GLASSER, United States District Judge:

  In a Memorandum and Order dated May 7, 2007, Magistrate Judge Mann recommended that the plaintiff's motion to reopen discovery and the defendants' cross-motion for additional sanctions be denied. Familiarity with that recommendation is assumed. By letter dated May 14, 2007, the plaintiffs objected to that recommendation, making no assertion that the Magistrate Judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). By letter similarly dated May 14, 2007, the defendants responded to that objection and urged that it be denied. Familiarity with those letters is also assumed.

  Although the phrase "familiarity with . . . is assumed" is almost reflexively stated, the Court will also assume that in reality, familiarity is neither sought nor achieved and some background will be gratefully received.

  The above referenced two related actions were brought on behalf of cancer stricken Italian nationals who have since died and are represented by the Public Administrator of Richmond County. The defendants are the hospitals in which they were treated, some of its administrators and the doctors who treated them. The claims asserted on behalf of the deceased are that by misrepresentations made by the

defendants they were induced to submit to a radiation procedure developed by the defendants and thereby forego other medical treatments which they might have chosen.

In a Memorandum and Order dated May 3, 2005, I granted in part and denied in part motions to dismiss in 04 CV 3736 and in a Memorandum and Order dated April 28, 2006, I granted in part and denied in part motions to dismiss in 05 CV 1899.

Thereafter, Magistrate Judge Mann directed the parties to submit a proposed discovery schedule order warning them of their obligation to comply with discovery deadlines to be set by the Court and that requests to modify that schedule must also be made within the deadline set by the Court. A proposed detailed discovery schedule was submitted and approved by the Court on May 25, 2006.

In essence, that schedule required the parties to serve automatic disclosures by June 15, 2006; to respond to interrogatories by September 15, 2006; to complete depositions by February 15, 2007 and to conclude fact discovery by March 31, 2007. Simultaneously with adopting the proposed schedule, the Magistrate Judge set a settlement conference for the morning of April 13, 2007. The defendants' attorneys appeared as directed for that conference, plaintiffs' counsel did not. When reached by phone he claimed unawareness of the conference despite the presence of all the others and the fact that the discovery schedule was forwarded to the parties via ECF. Plaintiffs' counsel also advised that little if any discovery had been taken by him in the eleven months since the discovery schedule was adopted. He had also not provided the automatic disclosures due by June 15, 2006, nor responded to any of the defendants' discovery demands and had conducted not even one deposition .

After being admonished by the Court for a virtual complete disregard of the

scheduling order, counsel moved to reopen discovery for 60 to 90 days. No explanation was offered for failing to move for an extension of discovery prior to its closing deadline. Thee motion was strenuously opposed by the defendants and it was denied by the thoughtful and thorough Memorandum and Order to which reference was made at the onset and to which the plaintiffs' objection is now addressed.

Discussion

The issue presented by the plaintiffs' objection to the Magistrate Judge's recommendation to the Court is the ubiquitously troublesome one which is whether a Rule should be applied or ignored. Rule 16(b) Federal Rules of Civil Procedure provides: "A schedule <u>shall</u> not be modified except upon a showing of good cause <u>and</u> by leave of . . . a magistrate judge." (emphasis added).

The Magistrate Judge, mindful of the consequences to the plaintiffs, and finding neither good cause nor an attempt to obtain her leave for a modification of the schedule applied the Rule. In making that determination, given this record of indifference to the Rule, Magistrate Judge Mann was correct and the objection to her determination is rejected.

A reference to two cases in each of which a similar troublesome question was presented may be useful if not instructive. In <u>National Hockey League, et al., v. Metropolitan Hockey Club, Inc., et al.</u>, 427 U.S. 639 (1976), the respondent's antitrust action was dismissed pursuant to Rule 37 Fed. R. Civ. P. for failure to timely answer written interrogatories as ordered by the district court. The Court of Appeals reversed the dismissal finding that the district court abused its discretion. The question presented to the Supreme Court was whether the Court of Appeals was correct. In

reversing the Court of Appeals, the Supreme Court wrote at 642-43:

> The question of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing. . .We think that the lenity evidenced in the opinion of the Court of Appeals, while certainly a significant factor in considering the imposition of sanctions under Rule 37, cannot be allowed to wholly supplant other and equally necessary considerations embodied in the Rule.
>
> There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.
>
> But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other law suits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

It is important to note that Rule 37, as it then was and still is, provided that "If a party . . . fails to obey an order . . . or permit discovery . . . the Court in which the action is pending <u>may</u> make such orders in regard to the failure as are just . . . ." and the issue was the propriety of the discretion exercised by the Court. The Rule applicable here

4

leaves no room for discretion.  It is explicit in its injunction that the schedule <u>shall</u> not be modified except as provided.  Instructive in this regard too, is <u>Noonan v. Cunard Steamship Co. Ltd.</u>, 375 F.2d 69, 70 (2d Cir. 1967)(Friendly, J.), although distinguishable insofar as it addresses a discretionary authority.

    For all of the foregoing reasons, the recommendation of Magistrate Judge Mann is adopted and the objection to it is denied as is the cross-motion for sanctions.

    SO ORDERED.

Dated:    Brooklyn, New York
            July 17, 2007

                                                                     S/
                                                               I. Leo Glasser