```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GARY D. GOTLIN, et al.,

                    Plaintiffs,             MEMORANDUM AND ORDER

        -against-                           04-CV-3736 (ILG)
                                            05-CV-1899 (ILG)
M.D. GILBERT S. LEDERMAN, et al.,

                    Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is plaintiffs' September 6th request to compel defendants to accept and process plaintiffs' authorizations for medical records, as well as defendants' opposition thereto. See 9/6/07 Letter to the Court from Jonathan B. Behrins ("Behrins Letter"); 9/6/07 Letter from Nancy J. Block ("Block Letter").[1] Defendants complain that plaintiffs' demand runs afoul of this Court's refusal to reopen fact discovery, see Block Letter at 1-2; see also 5/7/07 Memorandum and Order, a ruling adopted by Judge Glasser on July 17, 2007. See 7/17/07 Memorandum and Order.

Contrary to the implications of defendants' argument, patients are entitled to demand copies of their own medical records, whether or not they are involved in litigation. Therefore, the Court overrules defendants' objection that the authorizations are untimely.[2]

---

[1] Counsel electronically filed their respective September 6th letter-submissions under docket number 04-CV-3736, but neglected to do so under docket number 05-CV-1899. Henceforth, all submissions pertaining to both related cases must be filed under both docket numbers.

[2] Because this dispute implicates prior decisions of both this Court and the District Court, the undersigned has consulted with Judge Glasser, who concurs with this ruling.

Plaintiffs also complain that "[a]s a result of the delay caused by defendants' refusal to supply the records," plaintiffs will be unable to comply with the September 14th deadline for serving plaintiffs' expert disclosure.  See Behrins Letter; see also 8/1/07 Endorsed Order.  However, the record belies plaintiffs' suggestion that defendants' conduct warrants an extension in excess of sixty days.  It was not until August 27th -- nearly four weeks after the Court set the September 14th deadline and less than three weeks before its expiration -- that plaintiffs forwarded their authorizations to defendants, who promptly returned them and denied their request.  A week then passed before plaintiffs applied to the Court for relief.  In other words, defendants' refusal to provide the records resulted in a discovery dispute that consumed no more than 15 of the 45-day period allotted to plaintiffs, whose own counsel is thus responsible for most of the delay.  For that reason, plaintiffs' request to extend their expert discovery deadline to "60 days from the date of the defendants' delivery of the records" is denied.  See Behrins Letter.  Plaintiffs' application for additional time is granted to the following extent:

Plaintiffs' expert disclosure shall be served by 10/12/07; defendants' shall be served by 11/16/07; expert depositions shall be completed by 12/12/07.  Plaintiffs' portion of the joint pretrial order ("JPTO") shall be served by 12/21/07; defendants' shall be served by 1/4/08; the combined JPTO shall be filed via ECF by 1/10/08.  The 12/13/07 settlement conference is adjourned to 1/16/08 at 9:30 a.m.  U.S.-based clients must attend.

**SO ORDERED.**

Dated:  Brooklyn, New York
September 11, 2007

ROANNE L. MANN
**UNITED STATES MAGISTRATE JUDGE**