**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**GARY D. GOTLIN, et al.,**

                **Plaintiffs,**   **MEMORANDUM AND ORDER**

      **-against-**   **04-CV-3736 (ILG)**

**GILBERT S. LEDERMAN, et al.,**

                **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In letter-motions dated August 4 and 5, 2009, Dr. Gilbert S. Lederman and Dr. Philip Jay Silverman, the remaining defendants in this action ("defendants"), seek an order precluding plaintiff Gary D. Gotlin, the Public Administrator suing on behalf of the remaining deceased Italian national plaintiff, Giuseppa Caramanna Bono ("Caramanna"), from using at trial Italian medical records ("the Records") belatedly produced by plaintiff. See Letter from Anthony A. Lenza, Jr., Counsel to defendant Silverman, to the Court (Aug. 5, 2009) ("Lenza Letter"), ECF Docket Entry ("D.E.") # 172; Letter from Mary E. Pearson, Counsel for defendant Lederman, to the Court (Aug. 4, 2009) ("Pearson Letter"), D.E. # 171. For the reasons that follow, the Court rules that preclusion of the Records is an appropriate discovery sanction.

                                                **BACKGROUND**

      The Court assumes familiarity with the prior opinions issued in this case, in particular, this Court's Memorandum and Order of May 7, 2007 ("5/7/07 M&O"), D.E. # 63, and the decision of the Honorable I. Leo Glasser affirming that ruling. See Memorandum & Order

(July 17, 2007), D.E. # 66.  Suffice it to say, the pending motions concern the latest in a long series of discovery derelictions on the part of plaintiffs' counsel, Jonathan Behrins ("Behrins").  As detailed in the Court's 5/7/07 M&O, Behrins took and provided virtually no discovery during the nearly eleven-month period allotted by the Court for fact discovery, and then failed to appear for the settlement conference scheduled for April 13, 2007.  As Behrins offered no excuse for having failed to make a timely motion to extend discovery, the Court denied his belated motion to reopen fact discovery, but declined to impose the more severe sanctions sought by the defense -- i.e., dismissal of the plaintiffs' claims or preclusion of plaintiffs' evidence.[1]  See 5/7/07 M&O, at 5-7.

Thereafter, this Court granted Behrins' application to extend expert discovery.  See Memorandum & Order (Oct. 15, 2007), D.E. # 86, at 3.  In response to defendants' complaints about their inability to obtain the various plaintiffs' medical records from Italy, the Court offered to issue an order that directed plaintiffs to produce the Italian medical records and that extended the time for defendants to serve their expert disclosure.  See id. at 3.  Defendants accepted the Court's invitation, and moved for production of the Italian medical records and a modification of the schedule for expert disclosure.[2]  Behrins agreed to produce

---

[1] Both defendants now seek "clarification" as to whether the Court's prior order precluded plaintiff from using the Italian medical records at issue on this motion.  See Lenza Letter, at 1,3; Pearson Letter, at 1, 3.  By its express terms, the 5/7/07 M&O was not an order of preclusion.

[2] See Letter from Anthony A. Lenza, Jr., Counsel for defendant Silverman, to the Court (Oct. 19, 2007), D.E. # 90; Letter from Nancy J. Block, Counsel for terminated defendant Staten Island University Hospital ("SIUH"), to the Court (Oct. 19, 2007), D.E. # 89; Letter from Mary E. Pearson, Counsel for defendant Lederman, to the Court (Oct. 16, 2007), D.E. # 87.

the Italian medical records, but protested that the defense timetable was unrealistic. See Letter from Jonathan Behrins, Counsel for Plaintiffs, to the Court (Oct. 22, 2007), D.E. # 91. The Court endorsed an order stating that it was "prepared to grant defendants' request (on consent) for the Italian medical records," but directed the parties to confer about the schedule for expert disclosure and to submit a joint proposed schedule to be so-ordered by the Court. See Endorsed Order (Oct. 25, 2007), D.E. # 93. As the parties could not agree upon a schedule, compare Defendants' Proposed Discovery Schedule (Nov. 1 & 2, 2007), D.E. # 96, 97, 98, with Plaintiffs' Proposed Discovery Schedule (Nov. 2, 2007), D.E. # 99, the Court entered its own schedule. See Order (Nov. 5, 2007), D.E. # 100. In that order, the Court observed that "plaintiffs have had years to secure their own medical records from Italy," and therefore rejected the prolonged schedule proposed by Behrins. See id. Although the Court neglected to expressly direct plaintiffs to produce the Italian medical records, the spirit of the Court's order, as well as the parties' correspondence, made clear that plaintiffs were obligated to do so.

Expert discovery proceeded, with the usual disputes about timing of disclosures, scheduling of expert depositions, and the adequacy of plaintiffs' expert disclosure See, e.g., Motion for Discovery filed by terminated defendant SIUH (June 10, 2008), D.E. # 117; Motion for Preclusion filed by terminated defendant SIUH (Apr. 27, 2008), D.E. # 108. During the expert discovery period, the only Caramanna-related Italian medical records that Behrins produced consisted of a nine-page report authored by Dr. Vincenzo Savaterri, which purported to summarize the as-then-unproduced underlying Italian medical records. See Transcript of Conference Before the Honorable I. Leo Glasser (Aug. 3, 2009) ("8/3/09 Tr."),

at 8-9. After expert discovery was completed, all defendants moved for summary judgment. On May 21, 2009, Judge Glasser granted the defense motions in substantial part, dismissing the claims of all but two of the plaintiffs and leaving only two defendants in the case: Lederman and Silverman. See generally Memorandum & Order (May 21, 2009), D.E. # 168. Caramanna is now the sole remaining plaintiff, as the other has voluntarily dismissed her claims. See generally Order (July 16, 2009), D.E. # 170.

On August 3, 2009, Judge Glasser met with the parties, at which time defense counsel complained that days earlier, on July 28, 2009, Behrins had produced a CD-ROM containing 571 pages of previously undisclosed, untranslated Italian medical records relating to Caramanna. See 8/3/09 Tr. at 2. Not surprisingly, defense counsel objected to plaintiff's tardy production and asked Judge Glasser to enter a preclusion order. See id. at 10, 17. Judge Glasser directed the parties to address any discovery-related issue to the undersigned magistrate judge, see id. at 19, 21, and the pending letter-motions followed.

On August 12, 2009, this Court conducted a telephone conference in order to clarify the facts and hear Behrins' explanation, if any, for his latest default. Behrins confirmed that he had first received the 571 pages of Caramanna's Italian medical records in about May 2008, before plaintiffs' expert disclosure had been served. See Transcript of Telephone Conference (Aug. 12, 2009) ("8/12/09 Tr."), D.E. # 179, at 3, 6-8, 13, 19. Realizing that the Records might be relevant to expert disclosure, Behrins contacted his expert, who advised that he did not wish to review the Records. See id. at 3-4, 8. Behrins placed the Records in his file cabinet and did not disclose them to the defense until July 28, 2009, more than a year later. See id. at 3, 10-12, 18.

When questioned by the Court, Behrins conceded that he understood that he had been obligated to provide the Records to the defense when he first received them, and his only excuse for failing to do so was his "difficulty juggling 20 clients . . . ." Id. at 4, 11. While acknowledging his violation, he nevertheless declined to agree to refrain from using the Records at trial, stating that he might want to offer those records that postdated Caramanna's treatment at SIUH. See id. at 9. Behrins has not had any of the documents translated into English and could not say how many of them involved post-SIUH treatment. See id. at 10, 13, 19. When the Court pointed out that allowing him to use the Records would effectively require the reopening of expert disclosure -- after the conclusion of expert discovery and Judge Glasser's decision on the defense summary judgment motions -- Behrins concurred that that would be his application. See id. at 11.

In the course of that same telephone conference, Behrins acknowledged that Dr. Savaterri, who authored the nine-page report that was the only Italian medical document produced to the defense prior to the exchange of expert reports, was probably not a treating physician and would not be called as a witness at trial. The defense then asked to strike Dr. Savaterri's report as "pure hearsay." See id. at 14.[3]

## DISCUSSION

**I. Sanctions for Failure to Supplement Initial Disclosures and Discovery Responses**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, "a party must, without awaiting a discovery request, provide to the other parties . . . a copy -- or a description by

---

[3] As the admissibility of the Savaterri report is not a discovery-related issue, it is not discussed in this opinion and should instead be addressed to the trial court.

category and location -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii). Under Rule 26(e), a party must supplement its Rule 26(a) initial disclosures, as well as its responses to discovery requests, when ordered to do so by a court and/or where a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process[.]" See Fed. R. Civ. P. 26(e)(1)(A).

The duty to supplement "applies whether the corrective information is learned by the client or by the attorney[,]" 1993 Advisory Comm. Note to Fed. R. Civ. P. 26(e), and is triggered only where "a party[,] or more frequently [its] lawyer, obtains actual knowledge that a prior response is incorrect." Zubulake v. UBS Warburg LLC, 229 F.R.D. 422, 433 (S.D.N.Y. 2004) (internal quotation marks and citation omitted; first alteration in original). Because the duty to supplement is a continuing one, parties must undertake efforts to ensure that discoverable information is not lost or misplaced. See id. Failure to supplement Rule 26(a) disclosures and/or discovery responses may result in the imposition of sanctions under Rule 37(c). See Fed. R. Civ. P. 37(c)(1).

Under Rule 37(c), where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The purpose of [Rule 37(c)] is to prevent the practice of 'sandbagging' an adversary with new evidence." Ventra v. United States, 121

F.Supp.2d 326, 332 (S.D.N.Y. 2000) (citing Johnson Elec. N.A. v. Mabuchi Motor Am. Corp., 77 F.Supp.2d 446, 458 (S.D.N.Y. 1999)).

"Despite the mandatory nature of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if 'the trial court finds that there is no substantial justification and the failure to disclose is not harmless.'" Pal v. N.Y. Univ., No. 06 Civ. 5892 (PAC) (FM), 2008 WL 2627614, at *3 (S.D.N.Y. June 30, 2008) (quoting Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006)). "To determine whether evidence should be precluded, a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." DeSantis v. Deutsche Bank Trust Co. Ams., Inc., No. 05 Civ. 10868 (DC), 2009 WL 66351, at *4 (S.D.N.Y. Jan. 9, 2009) (citing Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006)). The imposition of sanctions pursuant to Rule 37(c) does not require a showing of bad faith. See Design Strategy, 469 F.3d at 296.

As demonstrated by the discussion that follows, Behrins has not shown that his failure to disclose and/or produce the Records was substantially justified. Behrins admits that he received the Records around May of 2008, and that he placed the Records in a file cabinet after his expert declined to review them. Behrins never bothered to have the Records translated; can represent little, if anything, about their contents; and attempts to explain away his failure to disclose and/or produce the Records by complaining that managing this litigation has been overly burdensome. Such an explanation does not provide a justification, let alone a *substantial* justification.

Nor has Behrins satisfied the second prong of Rule 37(c), inasmuch as his failure to

disclose the Records was not harmless. If Behrins were permitted to rely on the Records at trial, the Court would then be constrained to reopen expert discovery, which would impose significant additional litigation costs on defendants. Given that expert discovery closed over a year ago and dispositive motions have already been decided, it is simply too late in the day for Behrins to now seek to inject these voluminous records into this case.

Accordingly, because Behrins' violation of Rule 26(a) and (e) was neither substantially justified nor harmless, the Court next considers the factors relevant to its determination whether the sanctions sought by defendants are appropriate.

### A. Explanation for Failure to Disclose

Here, Behrins's obligation to produce and/or disclose the Records was two-fold: not only was Behrins obligated to disclose the Records in light of the possibility that they would be used to support Caramanna's claims, he was also obligated to produce the Records because defendants requested them. The only excuse offered by Behrins for his failure to comply with these overlapping obligations was his purported "difficulty juggling 20 clients . . . ." 8/12/09 Tr. at 4, 11. In this connection, Behrins essentially admits that his failure to disclose was due to his own neglect, see id. at 12, which, unfortunately, represents yet another example of Behrins having failed to competently manage his discovery obligations in this case. Simply put, in circumstances such as these, attorney neglect or oversight is not an acceptable explanation for failure to disclose. See Haas v. Del. & Hudson Ry. Co., 282 Fed.App'x 84, 86 (2d Cir. 2008) ("Although the late discovery of [a potential witness] was apparently due to plaintiff's counsel's neglect and not 'bad faith,' bad faith is not required and counsel has offered no adequate explanation for this untimely disclosure.").

At bottom, it is a feeble excuse for an attorney to blame his caseload for his failure to comply with the Federal Rules. Cf. Ramos v. Quien, --- F.Supp.2d ----, 2008 WL 4949896, at *6 (E.D. Pa. Nov. 18, 2008) (denying plaintiff's motion to remand as untimely where delay was blamed on counsel's financial and time constraints); D.A. v. Dist. of Columbia, Civil Action No. 07-1084 (PLF/JMF), 2007 WL 4365452, at *4-5 (D.D.C. Dec. 6, 2007) (granting motion to dismiss where plaintiffs failed to timely respond to the motion, and untimeliness was blamed on heavy caseload). Notably, Behrins himself concedes that he cannot "give [the Court] a good reason why[]" the Records were not disclosed and/or produced at an earlier date. See 8/12/09 Tr. at 12. According to Behrins, he "just didn't do it." Id. That explanation does not suffice.

Behrins' unsatisfactory explanation for his failure to disclose the Records weighs very heavily in favor of preclusion.

**B. Importance of the Evidence to be Precluded**

In a case of this nature, medical records are clearly important. Here, however, Behrins concedes that his expert witness did not review the Records. Moreover, although Behrins apparently intends to introduce the Records as evidence of Caramanna's quality of life following her treatment at SIUH, see id. at 13, Behrins filed the Records away for over a year without bothering to discern the nature of their contents -- conduct strongly suggesting that he does not consider the Records to be as critical to that issue as he would have this Court believe.

Nevertheless, the Court recognizes that records relating to Caramanna's post-SIUH treatment could very well contain information critical to Caramanna's claims in this case.

Accordingly, despite Behrins' apparent lack of interest in the Records, the Court concludes that this factor weighs slightly against preclusion.

### C. Prejudice to the Defendants Absent Preclusion

Here, Behrins' belated production of the Records, over a year after the close of expert discovery and after decision on dispositive motions, obviously prejudices defendants. If the Records were not precluded, defendants would have to await plaintiff's translation of the Records, and would undoubtedly want to have that translation independently checked and, if appropriate, offer an alternative translation. Even if Behrins elected to rely on post-SIUH records only, as suggested during oral argument, see id. at 12, defendants would likely feel compelled to have the remainder of the Records translated. All of this would, of course, involve considerable time and expense. Costly disputes would inevitably arise, especially if the parties offered competing translations.

In addition, and more importantly, defendants' experts would have to review the Records, which might well result in the need for amended reports and/or the reopening of expert depositions. Needless to say, in order for defendants to accomplish these onerous tasks, the Court would be constrained to reopen expert discovery, thereby further prolonging this five-year-old case and imposing significant additional litigation costs on defendants. See Pal, 2008 WL 2627614, at *5 ("[Plaintiff] would be prejudiced if the witness testimony were not struck because, among other things, discovery would have to be reopened so that she could seek the patients' medical records and depose them. This would not only further delay this almost-two-year-old case, but would impose further litigation costs on [plaintiff]."); see also Haas, 282 Fed.App'x at 86 (noting that defendant was prejudiced by plaintiff's disclosure of a

potential witness after the close of discovery and the filing of defendant's motion for summary judgment).

For all of these reasons, the prejudice factor weighs very heavily in favor of imposing the sanction of preclusion.

**D. Possibility of a Continuance**

A continuance is always theoretically possible, and, if accompanied by the reopening of expert disclosure, perhaps could mitigate some but not all of the prejudice to defendants if their preclusion motion were denied. Nevertheless, in light of the ample opportunity afforded Behrins to produce these documents, a continuance is neither deserved nor warranted. Cf. Great White Bear, LLC v. Mervyns, LLC, No. 06 Civ. 13358 (RMB) (FM), 2008 WL 2220662, at *6 (S.D.N.Y. May 27, 2008) ("[Plaintiff] does not deserve . . . a further continuance since it already has had several opportunities to address the deficiencies of [its expert report], but has failed to respond adequately. To allow additional time now would be unfair not only to [defendant], but to the Court.").

This case has languished long enough. The Court declines to reopen expert discovery, see infra Part II, and concludes that the continuance factor weighs in favor of imposing sanctions.

**E. Balancing the Factors**

Having found that Behrins' failure to disclose the Records was not substantially justified or harmless, and having weighed the relevant factors, this Court is satisfied that there is more than a sufficient basis to preclude those documents under Rule 37(c). Accordingly, the defendants' motion for sanctions is granted, and plaintiff is hereby precluded from relying on

the belatedly produced Italian medical records at trial.

## II. Behrins' Application to Reopen Expert Disclosure

Even if preclusion were not warranted, Behrins would only be able to make use of the Records if this Court were prepared to reopen expert disclosure. Recognizing that fact, Behrins requested that the Court grant that relief. See 8/12/09 Tr. at 11. For the reasons that follow, Behrins' request is denied.

Where, as here, a scheduling order has been entered by the Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the court-ordered schedule "may be modified only for good cause . . . ." Fed. R. Civ. P. 16(b)(4); see also E.D.N.Y. Local Civ. R. 16.2 ("In any case referred to a magistrate judge by a district judge, the magistrate judge may make scheduling orders pursuant to Federal Rule of Civil Procedure 16(b), and may modify for good cause shown scheduling orders previously entered."). As the Second Circuit has reiterated, "[a] finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (collecting cases); see also Gavenda v. Orleans County, No. 95-CV-0251E (SC), 1996 WL 377091, at *1 (W.D.N.Y. June 19, 1996) ("The requisite good cause is based on factors such as the diligence *vel non* of the party requesting an extension, bad faith *vel non* of the party opposing such extension, the phase of the litigation and prior knowledge of and notice to the parties."). Consequently, absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery. See King v. Friend of Farmer, Inc., No. 97 Civ. 9264 (BSJ) (RLE), 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000).

In other words, an application to reopen discovery should be denied where the moving

party "has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." Gavenda, 1996 WL 377091, at *2; see King, 2000 WL 290355, at *1 ("party seeking to reopen discovery must show why the court's deadlines could not 'reasonably' have been made 'despite [its] diligence'") (quoting Charles Alan Wright, et al., 6A Federal Practice & Procedure § 1522.1, at 231 (2d ed. 1990) (alteration in original)); Goss v. Long Island R.R. Co., No. 94-CV-4927, 1996 WL 743350, at *1 (E.D.N.Y. Dec. 12, 1996) (denying motion to reopen discovery); 1983 Advisory Comm. Note to Fed. R. Civ. P. 16(b) (stating that under Rule 16(b), "the Court may modify the [discovery] schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery." Harris v. Computer Assocs. Int'l, Inc., 204 F.R.D. 44, 45 (E.D.N.Y. 2001) (collecting cases).

Judged by these standards, Behrins' belated request to reopen expert disclosure must fail. To begin, the untimeliness of Behrins' application weighs heavily against its being granted. See, e.g., NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd., 262 F.Supp.2d 134, 151-52 (S.D.N.Y.2003); Harris, 204 F.R.D. at 45. Worse, however, is Behrins' failure to offer a satisfactory explanation or excuse for the tardiness of his request. Cf. Goss, 1996 WL 743350, at *1. Behrins had ample opportunity to produce the Records prior to the close of expert discovery, and can offer no reason why the deadline for expert discovery, which was repeatedly extended at Behrins' behest, could not have reasonably been met. Considering Behrins' lack of diligence both in this particular instance and throughout this litigation, Behrins' request to reopen expert discovery must be denied.

Finally, as it did in connection with Behrins' untimely and unexplained request to reopen fact discovery, see 5/7/07 M&O, at 6-7, the Court acknowledges that refusing to reopen discovery might be viewed as penalizing plaintiff for the neglect of her attorney. If so, that is a result contemplated by Rule 16(b), which authorizes modification of discovery deadlines only upon a showing of good cause and not for inadvertent neglect. Cf. Seabrook v. City of New York, 236 F.R.D. 123, 128-29 (E.D.N.Y. 2006) (Glasser, J.) (dismissing action with prejudice based on plaintiff's counsel's failure to diligently prosecute). Because of Behrins' discovery derelictions, disallowance of discovery is a just result in this case.

## CONCLUSION

For all of the foregoing reasons, defendants' motion to preclude plaintiff from relying on her Italian medical records is granted. Behrins' request to reopen discovery is denied.

Any objections to the rulings contained in this Memorandum and Order must be filed with the Honorable I. Leo Glasser on or before September 11, 2009. Failure to file objections in a timely manner may waive a right to appeal the District Court order.

**SO ORDERED.**

**Dated:** Brooklyn, New York
September 1, 2009

                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**