UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 15 2010 ★
BROOKLYN OFFICE

------------------------------------------------x
GARY D. GOTLIN, as Public Administrator of
the State of New York, in and for the County
of Richmond, et al.,

                      Plaintiffs,

-against-

GILBERT S. LEDERMAN, et al.,

                      Defendants.
------------------------------------------------x

MEMORANDUM AND ORDER
04 CV 3736 (ILG)
05 CV 1899 (ILG)

GLASSER, United States District Judge:

The plaintiff, Gary D. Gotlin, has moved this Court for an Order pursuant to Rule 58(d) Fed. R. Civ. P. that would enter judgment to be set out in a separate document as required by Rule 58(a) in the above captioned cases.

## Background

On August 27, 2004, an action was filed on behalf of nine plaintiffs alleging twelve causes of action against multiple defendants and assigned docket number 04 CV 3736 ("3736"). On April 19, 2005, an action was filed on behalf of eleven other plaintiffs against virtually the same defendants, assigned docket number 05 CV 1899 ("1899"), and alleged eight of the same causes of action as in 3736. The Civil Cover Sheet to the 1899 complaint, completed by plaintiffs' counsel with the filing of the complaint, states that the case is related to 3736 previously assigned to me and so, 1899 was also assigned to me and to Magistrate Judge Mann.

Motions to dismiss 3736 pursuant to Rules 12(b)(1) and 12(b)(6) Fed. R. Civ. P. were filed by the defendants on October 19, 20, 2004. In a Memorandum and Order ("M&O") dated May 3, 2005, seven of the twelve causes of action were dismissed and

five were left open. Familiarity with that M&O is assumed. Docket No. 27.

Motions to dismiss 1899 pursuant to Rule 12(b)(6) Fed. R. Civ. P. were filed by the defendants on July 15 and 18, 2005. In an M&O dated April 28, 2006, familiarity with which is assumed, two of the counts were dismissed. The rest, sought to be dismissed on statute of limitations grounds, were denied. Docket No. 36.

Following more than three years of discovery, on September 9, 2008, motions for summary judgment pursuant to Rule 56, were filed and docketed under both 1899, Docket Nos. 151, 152 and under 3736, Docket Nos. 152, 153. Those motions were addressed to all outstanding claims and against all defendants in both actions. In an M&O dated May 21, 2009, the motions were granted as to all claims against all the defendants except two. Medical malpractice and wrongful death claims by Gotlin on behalf of Caramanna Bono and for loss of consortium by her husband Giuseppe Bono against defendants Lederman and Silverman in 3736, and the medical malpractice claim of Caberti Amato and the loss of consortium claim of her spouse against those two defendants in 1899 survived the motion to dismiss. Docket No. 168.

In a letter addressed to the Court dated July 15, 2009, referencing 3736 and 1899, the plaintiffs stated their intention to appeal the orders of May 3, 2005 and May 21, 2009, and requested the Court to enter judgment against all the plaintiffs with the exception of plaintiffs Caramanna Bono and Caberti Amato. The letter also advised that the Caberti Amato plaintiffs elected to withdraw their respective actions. Docket No. 169. In an M&O dated July 16, 2009, their motions to withdraw were deemed filed and were granted. The Court interpreted the plaintiffs' request for a final judgment as a motion made pursuant to Fed. R. Civ. P. 54(b) in both cases, and denied it. Familiarity

with that M&O is assumed. Docket No. 170 in both 3736 and 1899. A stipulation of dismissal of those actions was thereafter "so ordered" on July 24, 2009, Docket No. 173 in 1899 only, leaving Caramanna Bono the sole remaining plaintiff in 3736 and leaving no remaining plaintiffs in 1899. The 1899 case was thus appealable and no 54(b) certification by the Court was required. There were no claims undecided and no parties remaining in that action. The decision was final within the meaning of 28 U.S.C. § 1291. In that case, the losing party can appeal before the entry of the Rule 58 judgment even if it is not embodied in the separate document that Rule 58 requires if the judgment really is final within the meaning of 28 U.S.C. § 1291. Borrero v. City of Chicago, 456 F.3d 698, 700 (7th Cir. 2006), citing Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978).[1]

The trial of 3736 of Gotlin on behalf of the deceased Giuseppa Caramanna Bono and by Giuseppe Bono, her surviving spouse, against Lederman and Silverman commenced on May 11, 2010. A verdict was reached finding for the plaintiffs on the medical malpractice claims, and for the defendants on the issue of damages. The required judgment was entered on May 21, 2010.[2] Docket No. 222.

A motion for a new trial pursuant to Rule 59 Fed. R. Civ. P. was thereafter filed by

---

[1] In his Memorandum of Law annexed to his Reply Declaration in Support of Motion for Entry of Judgment, counsel characterized my denial of what I regarded to be as a motion pursuant to Rule 54(b) on behalf of all plaintiffs in both actions, as an "order prohibiting an appeal." Docket No. 244. That characterization is sadly misguided especially given his citation of O'Bert v. Vargo, 331 F.d 29, 41 (2d Cir. 2003), which in an expansive discussion of Rule 54(b) makes it clear that Rule 54(b) determinations are reviewable for abuse of discretion and being reviewable, are plainly not orders prohibiting a right to appeal. See also Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8-10 (1980). Particularly relevant in this regard is Litas International. Inc. v. E. Donald Shapiro 316 F.3d 113, 117-18 (2d Cir. 2003).

[2] The Notice of Appeal states the date of entry to be May 20th, which is erroneous.

the plaintiffs on May 29, 2010, Docket No. 224, and cross-motions for judgments as a matter of law pursuant to Rule 50 Fed. R. Civ. P. were filed on June 4th and 8th, 2010 by Silverman and Lederman respectively. Docket Nos. 225 and 228. In an M&O dated July 28, 2010, Docket No. 234, familiarity with which is assumed, the plaintiffs' motion was denied and the defendants' motions were granted. The plaintiffs filed a Notice of Appeal in 3736 on July 30, 2010. Docket No. 235.[3] On August 17th, 2010, another Notice of Appeal was filed appealing from the July 28th M&O. Docket No. 236 in 3736.[4]

On September 29, 2010, a docket entry numbered 178, reading "Amended Notice of Appeal," was filed in 1899. An unnumbered docket entry the following day, September 30, 2010, notes that: "Document #178 was filed as a NOA. It has been corrected to show Amended NOA." A review of the 1899 docket sheet fails to reveal that a Notice of Appeal ("NOA") was ever filed in that case and, obviously, there was no NOA to be amended. The explanation would appear to lie in the NOA that <u>was filed</u> in 1899,

---

[3] That Notice of Appeal reads as follows: "GARY D. GOTLIN, and the plaintiff's decedent GIUSEPPA CARAMANNA BONO, and her surviving spouse, GIUSEPPE BONO, the plaintiffs in the above captioned case . . . appeal from the final judgment entered in this action on May 20, 2010 and all orders and judgments issued prior thereto which dismissed various causes of action asserted by the plaintiff." It is unclear as to what is embraced by "all orders and judgments issued prior thereto which dismissed various causes of action asserted by plaintiffs." See Fed. R. App. P. 3(c)(1)(B), providing that the notice of appeal must "designate the judgment, order or part thereof being appealed."

[4] That Notice of Appeal reads: "Pursuant to R. App. P. 4 and Fed. R. Civ. P. 58(a)(4), notice is hereby given that the plaintiff, GARY D. GOTLIN, and the plaintiff's decedent, GIUSEPPA CARAMANNA BONO, and her surviving spouse, GIUSEPPE BONO, the plaintiffs in the above captioned case, hereby appeal to the United States Court of Appeals for the Second Circuit from the annexed final Order entered in this action on July 28, 2010 and all orders and judgments issued prior thereto which dismissed various causes of action asserted by the plaintiffs.

referenced that it was an appeal from orders and judgments in 3736 and 1899. The Notice reads in relevant part that:

> ...[T]he plaintiff, Gary D. Gotlin, on behalf of all plaintiffs in Docket Nos. 04-CV-3736 and 05-CV-1899, hereby appeals from the annexed final Order entered in this action on July 28, 2010[5]; the judgment on the jury verdict in 04-CV-3736 on May 21, 2010; the order entered on May 3, 2010 granting in part and denying in part the motions in limine[6]; the Memorandum and Order dated May 21, 2009 granting in part and denying in part defendants' motions for summary judgment on Dockets 04-CV-3736 and 05-CV-1899; Memorandum and Order dated April 28, 2006 dismissing causes of action in 05-CV-1899; and the Memorandum and Order filed May 3, 2005 dismissing causes of action in Docket # 04-CV-3736.

The indiscriminate filing in the 1899 docket sheet of a Notice of Appeal from a judgment in 3736, together with the undifferentiated references in other filings, contributed to the "dizzying" circumstances alluded to by the plaintiffs *infra* presented by the docket sheets.

Although throughout the litigation of these cases, pretrial motions and other issues were frequently addressed together involving as they did precisely the same issues, the separate docket sheets and references to Gotlin I and Gotlin II in many filings left no doubt that two separate cases were being litigated. See, e.g., plaintiffs' Memorandum of Law, Docket No. 244; 316 F. Supp.2d 376, 381-82 (E.D.N.Y. 2009).

The motion now pending before the Court referencing both 3736 and 1899 in the caption is brought by Gotlin pursuant to Rule 58(d) Fed. R. Civ. P. which provides that

---

[5] In this action refers to 1899 in which the notice of appeal was filed and docketed and should read July 28, 2009. There is no docket entry on July 28, 2010 in either 1899 or 3736. The July 28th Order was pursuant to a stipulation dismissing the Camberti Amato actions and an appeal from that Order is puzzling, to say the least.

[6] This Order appears on docket sheet 3736 only. Docket No. 204.

"A party may request that judgment be set out in a separate document as required by Rule 58(a)."[7] In support of the motion, the Declaration of Counsel states, in paragraph 18 thereof:

> "Notices of appeal have been filed with the Second Circuit Court of Appeals. The docket sheets present a dizzying set of circumstances to the appellants, and the entry of final judgment on both dockets that were before the Court will serve to clarify things and aid in judicial economy, so that all issues for appeal from the District Court may be presented to the Court of Appeals in a single brief."[8]

## Discussion

Insofar as the plaintiff seeks the entry of a judgment in favor of the defendants following the return of a verdict by the jury, one <u>was</u> entered on May 21, 2010. Docket No. 222 in 3736. Insofar as the entry of a judgment is sought on the Court's Order denying motions made pursuant to Rules 50 and 59 Fed. R. Civ. P., the entry of a judgment in a separate document is not necessary and the motions as to those are superfluous. See Rules 58(a)(1) and (4) Fed. R. Civ. P. The Order as required by Rule 79(a) pertaining to the Rules 50 and 59 motions was entered on July 29, 2010, in 3736, Docket No. 234.

No judgments were entered on the Order of May 3, 2010, regarding motions *in limine*. That Order was not appealable and the legally correct determination of it is arguable on the appeal from the judgment entered on May 21, 2010.

The Orders of April 28, 2006 and May 3, 2005, were not appealable as of right involving as they did multiple claims and multiple parties. The belated and meritless, if

---

[7] The Rule is silent as to when or whether it may or must be granted.

[8] "Dizzying" is an understatement. The two docket sheets combined contain more than 423 entries.

not frivolous, Rule 58(d) motion as it pertains to those could only charitably be regarded as a request to enter judgment pursuant to Rule 54(b), which would be summarily denied, for to grant it would be erroneous and an abuse of discretion. The pending motion insofar as it pertains to those Orders is, therefore, denied.

It should also be noted that a letter addressed to the Court dated August 19, 2010, requested the Court to "direct the clerk to enter judgment in the following orders:

(1) Your Memorandum and Order dated May 3, 2005 in 04-CV-3736;

(2) Your Memorandum and Order dated April 28, 2006 in 05-CV-1899; and

(3) Your Memorandum and Order dated May 21, 2009 in 04-CV-3736 and 05-CV-1899.

That letter was docketed in 3736, No. 237. Although not so designated, it will be deemed a motion pursuant to Rule 58(d) and is also denied for reasons given hereafter.

I now turn to the pending motion as it pertains to the Order of May 21, 2009. That Order, together with the Order of July 24, 2009, was dispositive of all claims and all parties in the 1899 case leaving Gotlin, on behalf of Caramanna Bono and Giuseppe Bono, the sole remaining plaintiff in the 3736 action. For the reasons that follow, the pending motion seeking the entry of a judgment in the 1899 action must be denied as being time-barred.

The May 21, 2009 Order was entered by the Clerk in the civil docket for 3736 and 1899 numbered 168 in each. It was dispositive of both cases as that Order makes plain. 316 F. Supp.2d, 376 at 381 ("The present motion applies to two separate but indistinguishable causes of action arising out of the same or similar factual circumstances.") The July 24th Order was entered in the 1899 docket, numbered 173. Those entries were as required by Rule 79(a) Fed. R. Civ. P. Although a judgment set

7

forth in a separate document was not entered on May 21, 2009, as required by Rule 58(a), it was deemed entered after 150 days had run from its notation in the civil docket, if not from May 21, then surely from July 24, when, as has been noted above, there were no claims and no parties remaining and was final within the meaning of 28 U.S.C. § 1292.[9] That result is required by the application of Rule 4(a)(i)(A) Fed. R. App. P. and Rules 58(a) and (c) of the Fed. R. Civ. P. Rule 4(a)(i)(A) requires a notice of appeal to be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Rule 58(a) provides that every judgment must be set out in a separate document. Rule 58(c) provides that if a separate document is required, a judgment is deemed entered, albeit not in a separate document, after 150 days have run when the judgment is entered in the civil docket under Rule 79(a). See also Rule 4(a)(7)(A)(ii); LeBoon v. Lancaster Jewish Community Center Ass'n., 503 F.3d 217 (3rd Cir.), *cert. denied*, 128 S. Ct. 2053 (2008). A Notice of Appeal was thus required to be filed within 30 days after the 150 days had run and it was not. The time limitations are jurisdictional and cannot be waived. Silivanch v. Celebrity Cruises, Inc., 333 F3d 355 (2d Cir. 2003), *cert. denied*, 540 U.S. 1105. The appeal of the 1899 case is thus time-barred and the plaintiffs' pending Rule 58(d) motion as it pertains to that case must be denied.

If the letter of August 19th, noted above, were claimed to be an application for an extension of time to file a notice of appeal, denial would be mandated by Rule 4(a)(5)(A)(i), Fed. R. App. P. Even the most cursory familiarity with the litigation

---

[9] In that event, the plaintiffs could have appealed the 1899 case before the entry of a Rule 58 judgment even if it was not embodied in a separate document required by Rule 58 if the judgment was really final within the meaning of 28 U.S.C. § 1291. See Borrero v. City of Chicago, 456 F.3d 698, 700 (7th Cir. 2006), citing Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978). See also Litas International, Inc. v. E. Donald Shapiro, et al., 316 F.3d 113, 117-18 (2d Cir. 2003).

history in this case would leave no doubt that excusable neglect or good cause could not conceivably be shown as would be required by 4(a)(5)(A)(ii). <u>Redhead v. Conference of Seventh Day Adventists</u>, 360 Fed. App. 232, 2010 WL 95113 (2d Cir. 2010).

The discussion of the tortuous background of this pending motion notwithstanding, my jurisdiction to entertain it as it pertains to 1899 may be questioned. The Notice of Appeal docketed on September 29, 2010, amends the Notice of Appeal docketed on July 30th, and references both the 3736 and 1899 cases in the caption, and makes specific reference to the May 21, 2009 Order as a subject of the appeal. The pending motion was filed on September 28th. As a general rule, the <u>timely</u> filing of a notice of appeal immediately transfers jurisdiction to the Circuit Court and divests the district court of jurisdiction over all matters relating to the appeal. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). My determination that the notice of appeal was not timely filed makes the general rule inapplicable.

## **Conclusion**

The pending motion is denied insofar as it pertains to the Orders of April 28, 2006, May 3, 2005 and May 21, 2009, for the reasons stated. The motion insofar as it pertains to the judgment of May 21, 2010 and the Order of July 29, 2010, is superfluous and denied for the reasons stated.

SO ORDERED.

Dated:   Brooklyn, New York
         November 9th, 2010

S/ILG
_____
I. Leo Glasser

9