# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

NANCY J. BLOCK
PARTNER

DIRECT DIAL: (212) 916-0966
E-MAIL: blockn@mcblaw.com

July 2, 2012

**Via ECF**
The Honorable Roanne L. Mann
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Gotlin v. Lederman, et al – 04-cv-3736
      MCB File No.:   333-78674

Dear Judge Mann:

As you know, we represent Staten Island University Hospital, North Shore-Long Island Jewish Health System, North Shore-Long Island Jewish Healthcare, Inc., as well as other corporate defendants. I am in receipt of Your Order dated today and am writing to respectfully request the opportunity to file opposition papers to what the Court has deemed plaintiff's "motion to reopen discovery."

In the first instance, it is defendants' position that plaintiff never filed a motion to reopen discovery. On June 14, 2012, plaintiff filed a letter with the Court requesting that a discovery conference be scheduled. This letter was not filed on ECF as a motion, but simply as a letter. In my experience, when a letter is filed via ECF there are explicit instructions outlined in red which advises that if the document is a motion or relief is requested, it should not be filed as a letter. Here, plaintiff filed the document as a letter and thus it should not be treated as a motion.

If, however, the Court is still inclined to consider plaintiff's letter as a motion, defendants respectfully request that we be permitted to file opposition to the motion. In response to plaintiff's June 14th letter, defendants immediately filed a letter objecting to plaintiff's request and added that we "would vehemently oppose any motion by plaintiffs to re-open discovery." It is critical that defendants be permitted to protect their rights and file a meaningful opposition. To disallow opposition would unfairly prejudice defendants who were never on notice of such a motion. Moreover, to consider plaintiff's letter as a motion encourages a party to surreptitiously file documents as other calendar events in the hopes that a party does not appropriately oppose the request.

NJB/rh
1884449_1.DOC

WESTCHESTER COUNTY OFFICE
245 MAIN STREET
WHITE PLAINS, NY 10601
TELEPHONE (914) 328-2969
FACSIMILE (914) 328-4056

NASSAU COUNTY OFFICE
90 MERRICK AVENUE - SUITE 401
EAST MEADOW, NY 11554-1576
TELEPHONE (516) 222-8500
FACSIMILE (516) 222-8513

NEW JERSEY OFFICE
744 BROAD STREET
NEWARK, NJ 07102
TELEPHONE (973) 735-0578
FACSIMILE (973) 735-0584

---

*Handwritten annotation by the Court:*

Although defense counsel is correct that plaintiff's counsel failed to designate his June 14th letter (DE #264) as a "motion," the Court construed it as a letter-motion regarding a discovery dispute, see Local Civ. R. 37.3(c), and defense counsel's June 14th and June 15th letters (DE #265 and 266) as their objections thereto. To the extent defendants wish to supplement their responses, they may do so by July 10, 2012.

SO ORDERED:
/s/
Roanne L. Mann
U.S. Magistrate Judge
Dated: 7/2/12