# MARTIN CLEARWATER & BELL LLP

COUNSELORS AT LAW

220 EAST 42ND STREET, NEW YORK, NY 10017-5842
TELEPHONE (212) 697-3122   FACSIMILE (212) 949-7054
www.mcblaw.com

**NANCY J. BLOCK**
**PARTNER**

DIRECT DIAL: (212) 916-0966
E-MAIL: blockn@mcblaw.com

July 9, 2012

<u>Via ECF</u>
The Honorable Roanne L. Mann
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>Gotlin v. Lederman, et al – 04-cv-3736</u>
           MCB File No.:   333-78674

Dear Judge Mann:

    As you know, we represent Staten Island University Hospital, North Shore-Long Island Jewish Health System, North Shore-Long Island Jewish Healthcare, Inc., as well as other corporate defendants (hereinafter "Defendants"). I am writing in opposition to plaintiffs' motion seeking to reopen discovery. For the following reasons, Defendants respectfully request that plaintiff's motion be denied.

    It is Defendants position that we have been down this proverbial road before as Your Honor previously denied plaintiff's motion to reopen discovery on May 5, 2007 (Exhibit A)[1]. This ruling is *law of the case* and plaintiffs should not be permitted to reargue issues previously litigated and decided five years earlier. Nothing has changed since that ruling to warrant such a drastic reversal and to permit discovery at this late date. Such an unjustified result will greatly prejudice Defendants as explained below.

    Importantly, the fact discovery deadline closed *over five (5) years ago,* on March 31, 2007. As of that date, plaintiffs *failed* to serve a single discovery response or produce one witness for a deposition. In fact, plaintiffs *never* to this day served automatic Rule 26 disclosures that were due by June 15, 2006; and plaintiffs *never* responded to interrogatories which were due on September 15, 2006. Defendants, however, complied with the Court's directives and served automatic disclosures.[2] Notably, the interrogatories that Defendants served on July 17, 2006 addressed *all* of plaintiffs' claims, including the General Business Law allegations and damages (Exhibit D, ¶¶20a-i, 24). Thus, the May 5, 2007 Order was not limited to discovery on the

---

[1] The May 5, 2007 Memorandum and Order was adopted by Honorable I. Leo Glasser on July 19, 2007 (Exhibit B). In addition, the Second Circuit determined that the district court did not abuse its discretion in any of its pre-trial evidentiary rulings (Exhibit C).

[2] Since plaintiff never served interrogatories or other discovery demands, Defendants could not provide other responses.

WESTCHESTER COUNTY OFFICE    NASSAU COUNTY OFFICE    NEW JERSEY OFFICE
245 MAIN STREET    90 MERRICK AVENUE - SUITE 401    744 BROAD STREET
WHITE PLAINS, NY 10601    EAST MEADOW, NY 11554-1576    NEWARK, NJ 07102
TELEPHONE (914) 328-2969    TELEPHONE (516) 222-8500    TELEPHONE (973) 735-0578
FACSIMILE (914) 328-4056    FACSIMILE (516) 222-8513    FACSIMILE (973) 735-0584

NJB/rh/mys
1885812_1.DOC

malpractice claims, only, as both the malpractice and GBL claims were viable at that time. Plaintiffs never cherry-picked a claim that they sought discovery on, but asked to reopen discovery on all claims, including the GBL claims. As such, the Order applies as equally now as it did five years ago. In fact, it should apply more forcefully now given the extent of prejudice Defendants would face if discovery were reopened.

Further, in seeking to reopen discovery in 2007, plaintiffs proffered their excuse for noncompliance and the Court commented:

> According to plaintiffs' counsel, defendants' discovery demand "needed to be translated in[to] Italian" and counsel had to meet with his clients, all of whom reside in Italy. . . . Plaintiffs' counsel offered no excuse for having failed to make a timely motion to extend discovery prior to the expiration of the fact discovery deadline.

(Exh. A, p. 4). Such demands included translation of the interrogatories – which addressed the GBL claims.

In the Discussion Section of the Order, Your Honor reviewed the applicable statutory and common law holdings and stated that "absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery." (cite omitted) (Exh. A, p. 5). Your Honor then noted that "[j]udged by these standards, plaintiffs' belated request to reopen discovery cannot succeed." (Exh. A, p. 5). Critically, nothing has changed except for the passage of time. Plaintiffs' delay still remains unjustified.

In the years that followed the May 5, 2007 Order, other decisions issued by both Your Honor and Judge Glasser echoed the sentiments of that Order. On September 1, 2009, Your Honor precluded plaintiff from using at trial Italian medical records belatedly produced (Exh. E). In the decision, the Court noted that "[i]f Behrins were permitted to rely on the Records at trial, the Court would then be constrained to reopen expert discovery, which would impose significant additional litigation costs on defendants. Given that expert discovery closed over a year ago and dispositive motions have already been decided, it is simply too late in the day for Behrins to now seek to inject these voluminous records into this case." (Exh. E, p. 8). Your Honor also noted the prejudice to defendants, including the imposition of significant additional litigation costs (Exh. E, p. 10). The same rationale still holds. If discovery were reopened, Defendants would be faced with additional and significant litigation costs which they must bear alone as insurance does not cover the remaining GBL claims. This would pose a great financial burden on a health care system that husbands its interest in patient care, especially given the new health care legislation.

The issue of reopening discovery was also addressed by Judge Glasser in His May 3, 2010 Memorandum and Order which precluded plaintiffs' from introducing certain evidence and testimony at the time of trial. In this Order, Judge Glasser stated:

July 9, 2012
Page 3

> Reopening discovery as requested by plaintiffs' counsel as an antidote to sandbagging six years after this case was filed and the rancorous procedurally oblivious manner in which he prosecuted it would be an unpardonable abuse of discretion.

(Exhibit F, p. 7). On page 8 of the Order, Judge Glasser added:

> To allow the testimony of witnesses identified for the first time more than two and a half years after discovery was closed and after denial of an application to reopen it, would make the orders closing discovery and keeping it closed a <u>brutum fulmen</u> – an empty noise – a charade.

    Again, nothing has changed to justify reopening discovery. These prior Orders should not be disregarded and plaintiffs should not be rewarded for ignoring their discovery obligations. To the contrary, only more time has passed which results in even greater prejudice. Not only will Defendants be prejudiced financially as noted above, but given the tremendous lapse in time, Defendants may not be able to put forth an adequate defense. Certainly, had discovery proceeded timely as scheduled, Defendants would be in a significantly better position. Ms. Carammana was treated at SIUH in 2002, *ten (10) years ago* and Dr. Lederman and his program left SIUH sometime in 2004, *eight (8) years ago*. Given the extent of time that has passed, it would be no surprise to find that evidence and witnesses may be difficult, if not altogether impossible, to find to support Defendants' contentions. Over time memories fade and witnesses move away. It is unfair to permit plaintiffs to serve discovery demands and deposition notices for the first time, half a decade after they were ordered to do so.

    Finally, as noted by Mr. Kopff in his opposition, as recently as May 25, 2012, Judge Glasser stated that "[d]iscovery has been closed a long time ago. I don't intend to reopen." (Exhibit G, p. 2-3).

    Based on the foregoing, it is respectfully requested that plaintiffs' motion seeking to reopen discovery be denied in all respects.

                                             Respectfully submitted,

                                             MARTIN CLEARWATER & BELL LLP

                                             Nancy J. Block

cc:    **Via ECF**
       The Behrins Law Firm, PLLC
       Kopff & DiPippo, P.C.
       Amabile & Erman, P.C.