UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GARY D. GOTLIN, et al.,

                              Plaintiffs,

         -against-

GILBERT S. LEDERMAN, et al.,

                              Defendants.
-------------------------------------------------------------x

MEMORANDUM
AND ORDER

04-CV-3736 (ILG)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In a letter filed on October 9, 2012, attorney Bruce Behrins, on behalf of plaintiffs, assails this Court's Calendar Order of October 5, 2012 as "misguided" and inquires why the Court "felt constrained to speak with [counsel's] son, Jonathan" Behrins, in a telephone conference with the parties last Friday.  See Letter from Bruce G. Behrins (Oct. 9, 2012) ("Pl. 10/9/11 Letter") at 1, 2, Electronic Case Filing Docket Entry ("DE") #289.  The Court addresses both issues herein.

      Mr. Behrins first complains that during the October 5th telephone conference, the Court admonished plaintiffs' counsel's firm, and Bruce Behrins in particular, for publicly filing, via ECF, a letter to the Court dated October 3, 2012, in which he gratuitously disclosed the settlement sum that was part of an agreement in principle that included a promise of confidentiality.  Mr. Behrins' insistence that there "still is no confidentiality in place," see 10/9/11 Letter at 1, is itself misguided in two respects.  First, while it is unfortunately true that the parties have not yet finalized the language of the non-disclosure provision, Mr. Behrins ignores the fact that at the July 18, 2012 proceeding before this Court, the parties agreed in principle, on the record, to a resolution of the case, and agreed that the settlement terms would

not be disclosed;[1] indeed, it was painfully obvious to everyone present at that proceeding that non-disclosure was, for the defendants, a material term of the settlement of this case. Second, and even more disturbing, rather than apologize for an inadvertent oversight on his part, Mr. Behrins, in his October 9th submission, makes clear that he willfully publicly disclosed the settlement sum, on the pretext that "there are not yet any confidentiality stipulations in place . . . ." Pl. 10/9/12 Letter at 2.

As for Mr. Behrins' complaint that the October 5th telephone conference proceeded in his absence, and his assertion that he does not "feel bound by [his] son's" representations therein, Mr. Behrins overlooks the fact that Jonathan Behrins is in fact plaintiffs' counsel of record -- Bruce Behrins is not. Therefore, Jonathan Behrins needed no authorization from his father to make representations binding upon plaintiffs.

Furthermore, Bruce Behrins' failure to participate in the telephone proceeding is a problem of his own making. When the Court's staff attempted to schedule a telephone conference on the morning of October 5, 2012, Jonathan Behrins advised that his father would be available after 1:00 p.m. and that, in the interim, the younger Mr. Behrins would bring himself "up to speed" on the issues surrounding the settlement. To accommodate Bruce Behrins, a telephone conference was scheduled for 1:30 p.m. that afternoon, and all counsel were so notified. Minutes before the scheduled proceeding commenced, Jonathan Behrins contacted chambers and advised the Court's law clerk that his father would not be available until 2:15 p.m. Because the Court's afternoon in-court calendar was to commence at 2:00

---

[1] In fact, at the conclusion of the protracted proceeding, the Court remarked that it would advise Judge Glasser that an enforceable agreement had been placed on the record.

p.m., the Court was unable to further adjourn the 1:30 p.m. telephone conference, which went forward with plaintiffs' counsel of record, Jonathan Behrins, representing his clients during that proceeding. The only unanswered question, which the elder Mr. Behrins avoids addressing, is why he failed to make himself available for the conference at the appointed time.

The Court has now scheduled an in-court proceeding for October 15, 2012 at 10:00 a.m., at which it will attempt to salvage the parties' imperiled settlement agreement.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**            October 11, 2012**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**